UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. HEINLEIN, on behalf of himself and all others similarly situated, | : : : | CIVIL ACTION No.: 12-cv-00386 (JCH) |
| Plaintiff, | : | |
| v. | : : | |
| WEST PUBLISHING CORPORATION, | : : | |
| Defendant. | : | JUNE 15, 2012 |

**DEFENDANT WEST PUBLISHING CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PARTIALLY DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)**

# **TABLE OF CONTENTS**

                                      **Page**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................. 1
ARGUMENT ........................................................................................................................... 2
I.  SECTION 411(A) IMPOSES A "PRECONDITION TO FILING A CLAIM" ................. 2
II.  A NAMED PLAINTIFF WHO HAS REGISTERED A WORK CANNOT SATISFY SECTION 411(A) ON BEHALF OF A CLASS WHOSE MEMBERS HAVE NOT  ................................................................................................................... 3
   A.  The <u>White</u> Court Addressed and Rejected Heinlein's Position ............................. 3
   B.  Heinlein's Other Arguments Have No Merit ........................................................ 4
CONCLUSION ...................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Albemarle Paper Co. v. Moody,
    422 U.S. 405 (1975)..................................................................................................7, 8

Belcher v. Eli Lilly & Co.,
    394 F. App'x 821 (2d Cir. 2010) ...................................................................................9

Countryman v. Farmers Ins. Exch.,
    No. 10-cv-01075-REB-KMT, 2012 WL 2031217 (D. Colo. June 6, 2012)..............................5

Dominguez v. Micro Sales Center Corp.,
    No. C 11 8202 , 2012 WL 1719793 (N.D. Ill. May 15, 2012) ................................4

DRK Photo v. Houghton Mifflin Harcourt Publ'g Co.,
    No. CV-09-8225-PCT-NVW, 2010 WL 1688767 (D. Ariz. Apr. 26, 2010)..........................5

Duprey v. Conn. Dep't of Motor Vehicles,
    191 F.R.D. 329 (D. Conn. 2000)...................................................................................10

Francis v. City of New York,
    235 F.3d 763 (2d Cir. 2000).........................................................................................9

Franks v. Bowman Transp. Co.,
    424 U.S. 747 (1976).................................................................................................7, 8

In re Literary Works,
    509 F.3d 116 (2d Cir. 2007).................................................................................5, 6, 7

In re Literary Works,
    654 F.3d 242 (2d Cir. 2011).....................................................................................6, 9

La Resolana Architects, PA v. Clay Realtors Angel Fire,
    416 F.3d 1195 (10th Cir. 2005) ....................................................................................8

Lumpkin v. Coca-Cola Bottling Co.,
    216 F.R.D. 380 (S.D. Miss. 2003) ................................................................................9

Reed Elsevier, Inc. v. Muchnick,
    130 S. Ct. 1237 (2010)........................................................................................ passim

White v. West Publ'g Corp.,
    No. 12-cv-1340 (JSR) (S.D.N.Y. May 16, 2012) ......................................................... passim

Zipes v. Trans World Airlines, Inc.,
    455 U.S. 385 (1982)..............................................................................................7, 8, 9

**STATUTES**

17 U.S.C. § 411(a) ................................................................................................................. passim

**OTHER AUTHORITIES**

Brief of Defendants-Appellees, In re Literary Works,
    509 F.3d 116 (2d Cir. 2007) (Nos. 05-5943-cv(L),
    06-0223-cv(CON)), 2006 WL 6362643 ....................................................................................6

Brief for Petitioners, Reed Elsevier, Inc. v. Muchnick,
    130 S. Ct. 1237 (2010) (No. 08-103), 2009 WL 1419099.........................................................7

Fed. R. Civ. P. 12(b)(6)........................................................................................................ passim

Defendant West Publishing Corporation ("West") submits this reply memorandum of law in further support of its Rule 12(b)(6) motion to dismiss infringement claims brought on behalf of a class of authors who have not registered the copyrights in the allegedly infringed works.

## PRELIMINARY STATEMENT

As demonstrated in West's opening brief, section 411(a) of the Copyright Act clearly requires copyright registration as a precondition to filing the infringement claims at issue here. Because the putative class Heinlein purports to represent *is defined by* its failure to comply with section 411(a), its claims must be dismissed.

Since West filed its opening brief, there have been three significant developments that bear on this motion. First, in White v. West Publishing Corporation, No. 12-cv-1340 (JSR) (S.D.N.Y. May 16, 2012), a case involving an identical putative class, Judge Rakoff granted West's Rule 12(b)(6) motion to dismiss the claims of an "unregistered" subclass and denied as futile the plaintiffs' request for leave to replead to name a plaintiff with a registered copyright as representative for that subclass. Second, in the wake of this decision, Heinlein withdrew his MDL motion to consolidate this case with White and modified the class he purports to represent by abandoning the claims of absent class members with copyright registrations to limit the remaining overlap with White. Third, the White plaintiffs recently advised West of their intention to amend their complaint to abandon the remaining class allegations for the "registered" subclass and to proceed instead solely on the basis of their individual claims. Because the overlap with class claims in White has now been eliminated, West no longer presses for dismissal or transfer on grounds of duplication with White. Instead, this reply focuses on West's Rule 12(b)(6) motion to dismiss the claims of the putative class, which is now comprised solely of plaintiffs who have failed to register their works and cannot state a claim for relief.

Heinlein's opposition rests on the false premise that the basis for Judge Rakoff's dismissal of the claims of a putative "unregistered" class in White does not apply equally to Heinlein's attempt to represent an identical "unregistered" subclass here.  Heinlein claims that the unregistered subclass in White was found defective because the alleged class *representative* had not registered his copyright.  In fact, Judge Rakoff held (correctly) that the claims of the entire alleged *subclass* were defective for failure to register, and he also held (correctly) that designating a plaintiff who has registered works to represent the invalid unregistered subclass would not cure the defect.  Judge Rakoff thus expressly rejected the very argument Heinlein makes here.  This Court should follow Judge Rakoff and the many decisions cited in West's opening brief and reject Heinlein's misguided effort to circumvent section 411(a).

## ARGUMENT

**I.    SECTION 411(A) IMPOSES A "PRECONDITION TO FILING A CLAIM"**

As the Supreme Court recognized in Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237 (2010), section 501(b) of the Copyright Act provides that a copyright owner "'is entitled, *subject to the requirements of section 411*, to institute an action' for copyright infringement."  Id. at 1241. Section 411(a), in turn, imposes "a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions."  Id. at 1242.  This "precondition to filing a claim" is excused in only three circumstances: "where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused."  Id. at 1246-47.  None of these exceptions applies here.[1]

---

[1] Notably, even though the Supreme Court was addressing a class including plaintiffs without registrations, it did *not* identify a fourth exception where a representative of a proposed class has

2

As shown in West's opening brief, after <u>Muchnick</u>, federal courts, including this one, routinely have dismissed infringement claims under Rule 12(b)(6) where the plaintiff has not complied with section 411(a).  <u>See</u> West Br. 12-13 (collecting cases).  There is no basis for a different result here with respect to the putative unregistered class claims.

II.  **A NAMED PLAINTIFF WHO HAS REGISTERED A WORK CANNOT SATISFY SECTION 411(A) ON BEHALF OF A CLASS WHOSE MEMBERS HAVE NOT**

    A.  **The <u>White</u> Court Addressed and Rejected Heinlein's Position**

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright *in any United States work* shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a) (emphasis added).  Despite this clear statutory requirement, Heinlein is attempting to sue for alleged infringement of millions of unregistered U.S. works.  In his recent ruling on motions by West and its fellow defendant Reed Elsevier, Judge Rakoff in <u>White</u> rejected the premise that a single plaintiff who has complied with section 411(a) can represent a class of "unregistered" plaintiffs who are defined by their failure to comply with section 411(a) – the very argument Heinlein makes here.  Judge Rakoff held that section 411(a) "is unequivocal; the compliance with registration . . . is a precondition to filing a claim," and dismissed the claims of the putative "unregistered" subclass.  See Ex. A at 3 (May 16, 2012 Order and Hearing Transcript in <u>White</u>).

Heinlein concedes that Judge Rakoff's dismissal was correct, calling it a "simple and unremarkable judicial decision."  Pl. Opp. Br. 32.  He acknowledges that "the claims of unregistered attorney-authors must be dismissed because section 411(a) prohibits a plaintiff from bringing any infringement action . . . unless and until registration has been obtained," which, he

---

registered the copyright in a different work, which is what Heinlein seeks here.  Nor has any other court ever posited such an exception to section 411(a).

notes, is an "unambiguous statutory principle." Id. at 31.  Yet Heinlein then makes the blatantly false assertion that "Judge Rakoff never considered or decided whether a registered class representative may represent unregistered attorney-authors, nor did either party in White address that issue in their briefs or at oral argument." Id. at 7.  In fact, the White plaintiffs in their opposition brief specifically requested leave to replead to name White, an attorney with registered copyrights, as the representative of the subclass of authors without registrations.  In their replies, West and Reed Elsevier explained the futility of any such amendment, see Ex. B at 10; Ex. C at 9-10, and at the hearing, after Judge Rakoff indicated that he was going to dismiss the unregistered subclass, White's counsel requested leave to replead to substitute White as class representative.  Judge Rakoff responded that granting leave "would just undercut everything I've just said," and he denied the request.  Ex. A at 8.

Heinlein's statement that White "only possesses the legal ability to pursue claims for *registered* works and does *not* have the right to pursue claims relating to unregistered works," Pl. Opp. Br. 8, is equally true of Heinlein.  His claim that he "possesses the legal ability to pursue claims of both registered and unregistered works[,]" id., is baseless.  The claims of an "unregistered" class are invalid as a matter of law and, accordingly, must be dismissed.

      **B.**      **Heinlein's Other Arguments Have No Merit**

In addition to his unsuccessful effort to distinguish White, Heinlein makes several other meritless arguments.  None excuses the failure to comply with section 411(a) or provides any means to place millions of unregistered works at issue in this litigation.

First, Heinlein describes West's motion to dismiss the defective claims incorrectly as "an objection to class certification disguised as a motion to dismiss" and asserts that "[a]s such, it is not properly raised and should be denied." Pl. Opp. Br. 2; see also id. at 22-23.  In fact, courts

4

regularly address defective class claims at the Rule 12(b)(6) stage before defendants are required to oppose certification. See, e.g., Ex. A (White); Dominguez v. Micro Sales Center Corp., No. C 11 8202, 2012 WL 1719793 (N.D. Ill. May 15, 2012) (noting propriety of Rule 12(b)(6) dismissal of class claims where complaint reveals fatal deficiencies with class); see also Countryman v. Farmers Ins. Exch., No. 10-cv-01075-REB-KMT, 2012 WL 2031217 (D. Colo. June 6, 2012) (dismissing legally defective subclass on a 12(b)(6) motion). Heinlein has not, as he claims, "stated a valid claim of copyright infringement against Westlaw on behalf of a putative class of similarly situated individuals." Pl. Opp. Br. 23. Rather, he has attempted to append a huge, legally defective class to his claim for infringement of a single work. Dismissal of the legally defective class claims is not only appropriate but required by section 411(a). Cf. DRK Photo v. Houghton Mifflin Harcourt Publ'g Co., No. CV-09-8225-PCT-NVW, 2010 WL 1688767, at *1 (D. Ariz. Apr. 26, 2010) (granting partial motion to dismiss plaintiff's claims for infringement of unregistered works because they "cannot as a matter of law" be used to establish liability).

    Second, Heinlein contends that Muchnick and its reversal of In re Literary Works, 509 F.3d 116 (2d Cir. 2007), authorize his attempt to circumvent section 411(a) and, relatedly, that West's position here is inconsistent with its position in Literary Works. He is wrong on both counts. In Literary Works, the defendants (including West) were willing to waive registration for purposes of settling with a class whose members owned both registered and unregistered works so as to avoid future litigation of infringement claims for newly registered works by the same authors. The Second Circuit rejected the settlement on grounds that the registration requirement of section 411(a) was jurisdictional in nature and could not be waived, leaving the court without power to approve settlement of infringement claims for unregistered works. See

Literary Works, 509 F.3d at 127.  The Supreme Court reversed, holding that section 411(a) was not a jurisdictional prerequisite, and remanded for further proceedings.  See Muchnick, 130 S. Ct. at 1241, 1249.  On remand, as part of its consideration of the proposed settlement, the Second Circuit noted that "[g]iven that registration of a copyright is a prerequisite to suit, unregistered . . . claims would face a substantial litigation risk if the case went forward."  In re Literary Works, 654 F.3d 242, 253 (2d Cir. 2011) ("Literary Works II") (rejecting settlement).

      Muchnick did not alter the uniform rule that claims for infringement asserted by or on behalf of plaintiffs without copyright registrations should be dismissed at the pleading stage; it merely clarified that the basis for such dismissal is the failure to state a claim upon which relief may be granted rather than lack of federal subject matter jurisdiction (which cannot be waived).  See 130 S. Ct. at 1247.  All Muchnick and Literary Works II establish is that this Court has jurisdiction to approve a settlement of the claims asserted on behalf of Heinlein's putative class had West elected to settle those claims rather than move to dismiss them for failure to register.  If registration by a named plaintiff satisfied section 411(a) for the entire class, the Second Circuit in Literary Works II would not have singled out the unregistered claims from other claims as subject to substantial risk if the case went forward.  See 654 F.3d at 253; see also Literary Works, 509 F.3d at 129 (Walker, J., dissenting) ("not all members of a settlement only class must possess a valid cause of action under the applicable law").

      Heinlein is now confronted with the same substantial litigation risk identified by the Second Circuit in Literary Works II:  West is litigating the failure to register as a defense to the claims Heinlein purports to assert on behalf of the putative class.  There is no inconsistency between West's position here and the position it articulated in Literary Works:  the Court has jurisdiction to approve a settlement of claims for infringement of unregistered works, but those

6

claims cannot survive a motion to dismiss.  See Brief of Defendants-Appellees at § I.A, In re Literary Works, 509 F.3d 116 (2d Cir. 2007), 2006 WL 6362643 ("the settlement agreement provides greater compensation for registered work (which would have survived a motion to dismiss) than for unregistered work (which would not)"); see also Literary Works, 509 F.3d at 122 n.2 (noting defendants-appellees' position that section 411(a) would bar litigation of claims based on unregistered works); Brief for Petitioners at 25, Muchnick, 130 S. Ct. 1237 (2010), 2009 WL 1419099 ("[I]f the case had not been settled, § 411(a) would have precluded the plaintiffs from litigating any infringement claims for unregistered works.").  Rather than changing its legal position, as Heinlein suggests, West has simply made a different decision concerning the desirability and timing of moving to dismiss.

Third, Heinlein attempts to avoid the clear bar section 411(a) presents to the claims of his proposed class by pointing to Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975), Franks v. Bowman Transportation Co., 424 U.S. 747 (1976), and Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) – Title VII cases that have no bearing on the statutory issue presented here.  Heinlein claims that these cases stand for the broad proposition that a class whose members have not complied with *any* non-jurisdictional prerequisite to suit can be represented by a single plaintiff who has complied.  These cases, none of which involved section 411(a), copyright infringement, or motions to dismiss for failure to state a claim, do not so hold.

Heinlein contends that the Zipes Court "specifically articulat[ed] that the reason for allowing the class representative in Albemarle and Franks to satisfy an administrative precondition to suit on behalf of an entire class was because the applicable statutory precondition was *non-jurisdictional*."  Opp. Br. 26.  To the contrary, the Supreme Court in those cases found that the EEOC timely filing requirement at issue was non-jurisdictional because, as explained in

7

each of those cases, Congress adopted a construction of Title VII *that allowed for class recovery even without filing a charge with the EEOC*. In Albemarle Paper, the Supreme Court rejected an argument that class members who had failed to file charges with the EEOC were ineligible to receive backpay under Title VII. See 422 U.S. at 414 n.8. The Court rested its decision on the fact that

> [t]he Courts of Appeals that have confronted the issue are unanimous in recognizing that backpay may be awarded on a class basis under Title VII without exhaustion of administrative procedures by the unnamed class members. The Congress plainly ratified this construction of the Act in the course of enacting the Equal Employment Opportunity Act of 1972.

Id. The Court reiterated this holding in Franks. See 424 U.S. at 771. In Zipes, a case involving a Title VII class action settlement, the Supreme Court determined that because Congress had adopted a construction of Title VII that allowed for the recovery of back pay without filing a charge with the EEOC, Congress must have also intended the EEOC filing requirement to be non-jurisdictional:

> [W]e noted that Congress had approved the Court of Appeals cases that awarded relief to class members who had not exhausted administrative remedies before the EEOC. It is evident that in doing so, Congress necessarily adopted the view that the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court.

Zipes, 455 U.S. at 397.

Under Albemarle Paper, Franks, and Zipes, a Title VII class can include members who have not exhausted administrative remedies because *Congress expressly ratified that result*, not merely because the precondition in individual suits is non-jurisdictional. By contrast, in section 411(a), Congress made registration a precondition to filing a copyright infringement claim for any U.S. work; the Copyright Act and its legislative history clearly foreclose the conclusion that

8

Congress intended to allow recovery by nonregistering class members. See, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1199-207 (10th Cir. 2005) (discussing text and legislative history of registration requirement and noting that "[e]very remedy outlined in Title 17 . . . is conditioned upon a copyright owner having registered the copyright"), abrogated in part by Muchnick, 130 S. Ct. at 1243 & n.2. The Supreme Court's recognition in Muchnick that the registration requirement is not jurisdictional does not make its satisfaction by a copyright plaintiff any less mandatory in order to prevail in litigation. That is why courts confronting the issue consistently dismiss infringement claims brought by plaintiffs who have failed to register their works. See supra Section I; accord Literary Works II, 654 F.3d at 253.[2]

Heinlein is thus wrong to try to extrapolate from Zipes a broad general rule that class members need not satisfy non-jurisdictional prerequisites to suit so long as those prerequisites are satisfied by a single class representative for his individual claim.[3] If Heinlein were correct, a single plaintiff whose claim was timely could sue on behalf of a class whose claims expired years earlier and were already untimely when the class action complaint was filed. This absurd result, which would reduce statutes of limitation to a nullity in class actions, has been rejected as an interpretation of Zipes. See, e.g., Lumpkin v. Coca-Cola Bottling Co., 216 F.R.D. 380, 385 (S.D. Miss. 2003) ("[T]he fact that at least one plaintiff has filed a timely charge as to his own

---

[2] Heinlein's reliance on the Zipes and similar cases is also unavailing because Zipes held that the non-jurisdictional nature of the EEOC filing timely requirement only made it "subject to waiver, estoppel, and equitable tolling." 455 U.S. at 393; see also Francis v. City of New York, 235 F.3d 763, 766-68 (2d Cir. 2000) (finding waiver of Title VII statutory requirement). Thus, at most, these cases would only mean that West could waive its registration defense and, plainly, there has been no waiver here.

[3] Heinlein cites no class action case for that proposition outside of the limited circumstance of exhaustion of administrative remedies.

claims does not in all cases mean that other persons who suffered similar alleged wrongs may piggyback their claims on his. On the contrary, it has been recognized that 'a class action complaint cannot revive claims which were already time-barred when the original charge was filed.'" (citation omitted)); see also, e.g., Belcher v. Eli Lilly & Co., 394 F. App'x 821, 823 (2d Cir. 2010) (affirming dismissal where the statute of limitations expired "*prior* to the filing of the class action claim"); Duprey v. Conn. Dep't of Motor Vehicles, 191 F.R.D. 329, 341 (D. Conn. 2000) ("A class action cannot proceed on behalf of class members whose claims are time-barred."). In short, Heinlein's overly broad reading of Zipes provides no basis for overriding the clear statutory mandate of section 411(a).

## CONCLUSION

For the foregoing reasons and those set forth in West's opening brief, the Court should grant West's motion to dismiss claims brought on behalf of putative class members who have not registered their copyrights.

RESPECTFULLY SUBMITTED,
WEST PUBLISHING CORPORATION

By:   /s/ Terence J. Gallagher
      Michael K. Stanton, Jr., Esq. (ct08916)
      Terence J. Gallagher, Esq. (ct22415)
      Jones, LLP
      60 Long Ridge Road, Suite 202
      Stamford, Connecticut 06902
      Tel:  (203) 965-7700
      tgallagher@joneslawllp.com

          and

      R. Bruce Rich, Esq. (phv05317)
      Benjamin E. Marks, Esq. (phv05318)
      Jonathan Bloom, Esq. (phv05319)
      John R. Gerba, Esq. (phv05320)
      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153

CERTIFICATION

       I hereby certify that on June 15, 2012, a copy of the above Reply Memorandum Of Law In Further Support Of West Publishing Corporation's Motion To Partially Dismiss The Complaint Pursuant To Rule 12(B)(6) was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                               /s/ Terence J. Gallagher  
                                                                                 Terence J. Gallagher