**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVID J. HEINLEIN, on behalf of Himself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>WEST PUBLISHING CORPORATION,<br>    Defendant. | CIVIL ACTION NO. 12-CV-386 (JCH)<br><br><br>DECEMBER 27, 2012 |

**RULING RE: MOTION TO DISMISS OR TRANSFER COMPLAINT OR, IN THE ALTERNATIVE, TO PARTIALLY DISMISS COMPLAINT (Doc. No. 18)**

**I.   INTRODUCTION**

Plaintiff David Heinlein, a member of the bar of the State of Connecticut, brings this action against defendant West Publishing Corporation ("West") for copyright infringement in violation of section 501 of title 17 of the United States Code on behalf of himself and all others similarly situated.  On April 25, 2012, West moved to dismiss or transfer the Complaint in light of an allegedly duplicative lawsuit filed in the Southern District of New York (Doc. No. 18).  West also moved, in the alternative, to partially dismiss the Complaint based on deficiencies in the proposed class ("Def.'s Mot. Partially Dismiss").

Heinlein filed a Motion to Certify Class on May 15, 2012 (Doc. No. 21).  This Motion was terminated on June 12, 2012, without prejudice to renew following resolution of the Motion to Dismiss (Doc. No. 34).

Following subsequent developments in the allegedly duplicative case before the Southern District of New York, including a ruling on the merits of a motion to dismiss and the filing of an amended complaint, West withdrew the portion of its pleadings moving to dismiss or transfer the complaint.  Accordingly, before this court is solely

1

Defendant's Motion to Partially Dismiss.  See Defendant's Reply Memorandum in Support of Motion to Partially Dismiss ("Def.'s Reply Mot. Partially Dismiss") (Doc. No. 35) at 1 ("Because the overlap with class claims in White has now been eliminated, West no longer presses for dismissal or transfer on grounds of duplication with White. Instead, this reply focuses on West's Rule 12(b)(6) motion to dismiss the claims of the putative class, which is now comprised solely of plaintiffs who have failed to register their works and cannot state a claim for relief.").

## II.    STANDARD OF REVIEW

Upon a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has stated a legally cognizable claim by making allegations that, if true, would show he is entitled to relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'").  The court takes the factual allegations of the complaint to be true, Hemi Group, LLC v. City of New York, 130 S.Ct. 983, 986–87 (2010), and from those allegations, draws all reasonable inferences in the plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

### III.    FACTUAL BACKGROUND

The plaintiff, Heinlein, is a member of the state bar of Connecticut. Compl. at ¶ 1. West is a Minnesota corporation that does business in Connecticut and is in the business of selling and marketing online legal research services to legal professionals through its products Westlaw and WastlawNext (together "Westlaw"). Id. at ¶ 2.

Heinlein is the sole author of a legal document titled, "Request for Leave to Amend Complaint, Amended Complaint, and Amount in Demand in Edward Clini v. The Home Depot USA, Inc., Docket No. CV 02-0465524S" ("Work"). Id. at ¶ 14. The Work was published on April 2, 2003, when Heinlein filed it in the New Haven Superior Court of Connecticut as part of a civil lawsuit. Id. Heinlein is the sole owner and copyright holder of the Work, which was registered with the Copyright Office on January 17, 2012, with registration number TX 7-476-239. Id. at ¶ 16.

West reproduced, sold, distributed, and/or displayed the Work on Westlaw as a scanned Portable Document Format document file in its original format as filed with the New Haven Superior Court, and it continues to do so. Id. at ¶ 19, 23. West also reproduced, sold, distributed, and/or displayed the Work on Westlaw as an electronic word-processing document bearing the Westlaw name and Westlaw copyright notices. Id. West copied the Work in its entirety, without substantial modification or limitation, and reproduced, sold, distributed, and/or displayed the Work on Westlaw. Id. at ¶ 20. Heinlein did not authorize West to copy, reproduce, sell, distribute, and/or display the work on Westlaw or via any other medium. Id. at ¶ 22.

West charges subscription fees and/or document-based fees for West's customers to access, view, and/or download any document on Westlaw, including court-filed attorney documents such as Heinlein's work. Id. at 21.

Heinlein asserts that members of the class are owners of original legal documents which they have the exclusive right to copy, reproduce, sell, distribute, and/or publically display and that West has copied the works of the class members and has reproduced, sold, distributed and/or displayed those works on Westlaw without authorization from the class members. Id. at ¶ 25-27.

Heinlein asserts that he and the class members have suffered damages as a result of West's actions. Id. at ¶ 28. He seeks actual damages and West's profits, injunctive and declaratory relief, and costs and attorney's fees.

## IV.   DISCUSSION

The sole issue before this court is West's Motion to Partially Dismiss the Complaint to the extent that it brings infringement claims on behalf of putative class members that have not registered their copyrights. Heinlein's Complaint alleges that he registered the copyright for his Work with the United States Copyright Office. The Complaint does not contain information about, and the court does not know, the registration status of the works of the other proposed members of the class, although Heinlein argues that this class should properly include holders of both registered and unregistered copyrights.

As a threshold matter, Heinlein argues that a determination of this sort is more properly left to a ruling on a motion for class certification under Fed. R. Civ. P. 23, rather than a Motion to Dismiss under 12(b)(6). Heinlein has cited no authority for the

proposition. Several courts have ruled on class-related issues on a motion to dismiss, including the Southern District of New York court that considered the related case that was the initial subject of West's Motion. See White v. West Publ'g Corp., No. 12-CV-1340 (JSR) (S.D.N.Y. May 16, 2012) at Doc. No. 33; Dominguez v. Micro Center Sales Corp., No. 11 C 8202, 2012 WL 1719793 (N.D. Ill. May 15, 2012) ("As a general rule, whether a suit can be maintained as a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to certify a class action under Rule 23 or a motion to certify a collective action under 29 U.S.C. § 216(b). An exception to the general rule applies where the complaint reveals fatal deficiencies with class or collective action claims that warrant their dismissal at the pleading stage.") (internal citations omitted). Further briefing or factual discovery is unnecessary for the court to resolve the narrow question presented by West here, and the court sees no reason to postpone addressing it.

    A. <u>Inclusion of Unregistered Copyright Holders in the Class</u>

Turning to the merits, the parties dispute whether Heinlein, a holder of a registered copyright, may serve as a class representative of class members that hold only unregistered copyrights in their works.

Section 441(a) of the Copyright Act provides: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). In a recent decision interpreting section 411(a), the Supreme Court noted, "This provision is part of the [Copyright] Act's remedial scheme. It establishes a condition -- copyright registration -- that plaintiffs ordinarily must satisfy before filing an

infringement claim and invoking the Act's remedial provisions." Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1242 (2010).  Neither party disputes that, under normal circumstances, a holder of an unregistered copyright in a United States work cannot bring a civil action for copyright infringement.[1]  See Plaintiff's Memorandum in Opposition to Motion to Partially Dismiss ("Pl.'s Memo. Opp. Mot. Partially Dismiss") (Doc. No. 31) at 32; Defendant's Memorandum in Support of Motion to Partially Dismiss ("Def.'s Memo. Supp. Mot. Partially Dismiss") (Doc. No. 18-1) at 12.

However, Heinlein maintains that so long as the class representative holds a registered copyright, that individual can institute a civil action for infringement on behalf of others similarly situated, including those whose copyrights are unregistered.  Such a feat is possible, Heinlein argues, because registration of a copyright has been explicitly declared not to be a jurisdictional prerequisite to suit by the Supreme Court, and because some cases involving non-jurisdictional prerequisites to suit specifically allow a representative class member who has satisfied the requirement to bring along class members that have not.

In Muchnick, the Court considered whether a district court had subject matter jurisdiction over unregistered copyright infringement claims.  The Court held: "Section 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions.  Section 411(a) thus imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents." Muchnick, 130 S.Ct. at 1247.

---

[1] Infringement claims are permitted involving unregistered works in three circumstances: "where the work is not a U.S. work, whether the infringement claim concerns rights of attribution and integrity under § 106A, or whether the holder attempted to register the work and registration was refused." Muchnick, 130 S.Ct. at 1246.  None of these categories are at issue here.

However, the Court's ruling was a narrow one, and it "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works." Id. at 1249.

This issue is important in the context of the instant Motion to Dismiss because determining what type of "nonjurisdictional treatment" the registration requirement is subject to dictates whether class members who did not satisfy the requirement in question themselves may be absorbed into a class represented by an individual who has satisfied the requirement.

For example, in Zipes v. Trans World Airlines, the Supreme Court considered whether all members of a class with Title VII employment discrimination claims had to exhaust administrative remedies before the Equal Employment Opportunity Commission. See Zipes v. Trans World Airlines, 455 U.S. 385, 396 (1982). The court there held that the exhaustion of administrative remedies was not jurisdictional in nature, and that relief could be extended to class members who had not exhausted such remedies themselves, so long as one member of the class had done so:

> If the timely-filing requirement were to limit the jurisdiction of the District Court to those claimants who have filed timely charges with the EEOC, the District Courts in Franks [v. Bowman Transportation Co., 424 U.S. 747 (1976)] and Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975), would have been without jurisdiction to adjudicate the claims of those who had not filed as well as without jurisdiction to award them seniority. We did not so hold. Furthermore, we noted that Congress had approved the Court of Appeals cases that awarded relief to class members who had not exhausted administrative remedies before the EEOC. It is evident that in doing so, Congress necessarily adopted the view that the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court.

7

Zipes, 455 U.S. at 396.  Heinlein argues that the same approach to class members applied in Zipes should also apply here because in both cases the conditions at issue are "nonjurisdictional."

And, indeed, there is some textual support in Muchnick to suggest, at least at first glance, that the court considers the section 411(a) requirement to be analogous to the exhaustion of administrative remedies requirement considered in Zipes.  "[Section] 411(a)'s registration requirement is more analogous to the nonjurisdictional conditions we considered in Zipes and Arbaugh [v. Y & H Corp., 546 U.S. 500 (2006)] than to the statutory time limit at issue in Bowles [v. Russell, 551 U.S. 205 (2007)]." Muchnick, 130 S.Ct. at 1248.  However, a close examination of Muchnick reveals that the court was speaking in terms of the distinguishing characteristics between jurisdictional and nonjurisdictional requirements, and not about similarities between the administrative exhaustion provision and the registration provision at issue here.  Id.  As a result, the court must look for other clues to determine whether the registration provision of section 441(a) is similar to, or distinguishable from, the exhaustion of administrative remedies requirement considered in Zipes.

West argues that such a distinguishing characteristic can be found in the fact that the possibility of recovery for class members in the Title VII context who had not exhausted administrative remedies had been explicitly authorized by Congress.  See Def.'s Reply Mot. Partially Dismiss at 7-10.  While this court acknowledges that Congressional authorization of recovery for class members who had not exhausted administrative remedies was persuasive to the Court in Zipes and Ablemarle Paper, it is

not clear that Congressional authorization was the exclusive rationale justifying the Court's decisions.  See Zipes, 455 U.S. at 396.

While the court declines to find the issue of the presence (or absence) of explicit Congressional approval dispositive of whether or not class members who did not fulfill a nonjurisdictional requirement may be included in the class, the court notes that such Congressional approval is absent in the copyright registration context.  Indeed, section 411(a) is a Congressionally-imposed hurdle between the holders of copyrights and their ability to obtain certain forms of relief, namely, damages.  See 17 U.S.C. § 501(b) (establishing remedies under the Copyright Act) ("The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.") (emphasis added).

More problematic for Heinlein, however, is that even if the 411(a) registration requirement were placed on equal footing as the Title VII administrative exhaustion requirement considered in Zipes, there is little reason to find that the registration requirement is not still a mandatory one equivalent to an element of the copyright infringement charge.  Courts that have considered the ambiguity alluded to in Muchnick, concerning whether or not the registration requirement is mandatory, have found that the registration requirement is, in fact, a mandatory precondition of suit and that failure to register leaves the claim vulnerable to a motion to dismiss.  See TI Training Corp. v. FAAC, Inc., No. 09-cv-00973-WYD-MEH, 2010 WL 2490535, *3 (D. Colo. 2010) ("I find after consideration of the issue, consistent with other courts, that § 411(a) does impose a mandatory precondition to suit."); DRK Photo v. Houghton Mifflin Harcourt Publ'g Co.,

No. CV-09-8225-PCT-NVW, 2010 WL 1688767, *1 (D. Ariz. 2010); A to Z Machining Serv. LLC v. Nat'l Storm Shelter, LLC, No. CIV-10-422-C, 2011 WL 6888543, *6 (W.D. Okla. 2011).

Further, while Zipes contemplates class actions in which a single class member who satisfied a nonjurisdictional prerequisite is sufficient to bring along other class members who have not, this scenario is not a matter of right. Instead, the court in Zipes ruled that, "We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes, 455 Us. At 392; see also Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000) (explaining cases that have interpreted Zipes and mentioning the relevance of waiver to those cases). Heinlein has made no allegations of waiver in his Complaint, and there is nothing to justify exercise of the doctrines of estoppel or equitable tolling. This appears fatal to Heinlein's claim in opposition to a Motion to Dismiss. See White v. West Publ'g Corp, No. 12-CV-1340 (JSR) (S.D.N.Y. May 16, 2012) at Doc. No. 33 (rejecting attempt to amend complaint in similar case to allow a class representative who had registered his copyright to represent individuals whose copyrights were unregistered).

However, a question still remains as to whether a determination that Heinlein's attempt to represent individuals with unregistered copyrights is defective precludes those claims in their entirety, or merely forecloses certain types of remedies. In White, the court considered the question and found that injunctive and declaratory relief, in addition to damages, were all foreclosed.

A unique feature of the Copyright Act is that registration is not the event that creates the copyright; rather, it is the author's act of fixing his work in a tangible medium of expression that creates the copyright. See 17 U.S.C. § 102(a). As such, "The legislative history of the Copyright Act also suggests that registration, rather than being a prerequisite to federal jurisdiction, is a prerequisite to certain remedies -- namely statutory damages and attorney's fees." In re Literary Works in Electronic Databases Copyright Litigation, 509 F.3d 116, 132 (2d Cir. 2007) (Walker, J. dissenting) (overruled by Muchnick, 130 S.Ct. 1237).

While the claims of unregistered class members in the instant case must be dismissed to the extent they seek damages, it is less clear that injunctive relief is similarly unavailable given the fact that section 411 only applies to a relatively narrow set of remedies. Indeed, some courts have extended injunctive relief to unregistered copyrights. See, e.g., Olan Mills Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994); DRK Photo, 2010 WL 1688767, at *1 ("Therefore, while an unregistered work cannot provide a basis for court-determined liability, it can nevertheless be included within the scope of injunctive relief, if appropriate, once liability for infringing a registered copyright has been proved.").

However, the court will join its sister court in White in its determination that the type of injunctive relief contemplated in these cases relate to cases where a pattern of copyright infringement exists as to a particular copyright holder and the court is attempting to prevent an endless stream of lawsuits for future inevitabilities, and not to cases involving separate copyright holders who have never registered their relevant

copyrights in the first place. <u>See</u> <u>White</u>, No. 12-CV-1340 (JSR) (S.D.N.Y. May 16, 2012) at Doc. No. 33 at 5.

The court likewise declines to extend its discretion to contemplate a claim for declaratory relief. "The Declaratory Judgment Act provides that a court 'may declare the rights and other legal relations of any interested party' not that it <u>must</u> do so." <u>MedImmune, Inc. v. Genetech, Inc.</u>, 549 U.S. 118, 136 (2007) (citing 28 U.S.C. § 2201(a) (emphasis added). "This text has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Id</u>. (internal quotations and citations omitted). This determination can include equitable, prudential, and policy considerations. <u>Id</u>. Here, exploring declaratory judgment for untold numbers of unregistered works would not only obviate and diminish the statutory registration requirement, but would also reach far beyond the relatively narrow issue presented by the registered claims at issue. For these and other prudential reasons, the court will decline to entertain the request for declaratory relief on behalf of the unregistered class members.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Partially Dismiss the Complaint (Doc. No. 18) is **granted**. To the extent that this Motion is a Motion to Transfer, it is **terminated** as withdrawn. Heinlein's claim is dismissed to the extent that it consists of a putative class that has not registered its copyrights.

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of December, 2012.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of December, 2012.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge